1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## SOUTHERN DISTRICT OF CALIFORNIA

12

13   JACQUELINE RIEBER, et al.,

Case No. 13-CV-2523-W (JLB)

14                                    Plaintiffs,

**ORDER GRANTING**

15        v.

**DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND [DOC. 5]**

16

17   ONEWEST BANK FSB, et al.,

18                                    Defendants.

19        Pending before the Court is a motion to dismiss filed by the following defendants:

20   OneWest Bank, F.S.B.; Deutsche Bank National Trust Company; OWB REO, LLC;

21   and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants").

22   Plaintiffs Jacqueline and Richard Rieber oppose.

23        The Court decides the matter on the papers submitted and without oral

24   argument. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS**

25   Defendants' motion to dismiss the FDCPA claim **WITH LEAVE TO AMEND**

26   [Doc. 5].

27
28

1    I.      BACKGROUND

2           On November 8, 2007, Plaintiffs Jacqueline and Richard Rieber took out a

3    mortgage loan, secured by a deed of trust, in the amount of $538,000 from IndyMac

4    Bank, F.S.B.  (*Compl.* [Doc. 1], ¶ 10, Ex. A [Doc. 1-1] at p. 2.)  The Deed of Trust

5    identifies Commonwealth Land Title Insurance Company as the trustee, and Mortgage

6    Electronic Registration Systems ("MERS") as the beneficiary.  (*Compl.*, Ex. A at p.1.)

7           According to the Complaint, "[o]n or before December 27, 2007, Plaintiffs'

8    mortgage loan was sold" to a mortgage-backed securities trust for which Deutsche Bank

9    National Trust Company serves as trustee.  (*Compl.* ¶ 12.)  Plaintiffs contend, however,

10   that this securitization was "botched" (*id.* at 2:26-28) because the sale was "made

11   without the required intervening assignment of Plaintiffs' Deed of Trust and

12   endorsement of the Note" (*id.*, ¶ 17).[1]

13          On March 19, 2009, the Federal Deposit Insurance Corporation ("FDIC") sold

14   IndyMac Bank F.S.B. to OneWest Bank F.S.B.  (*Compl.*, ¶ 19.)  Despite Plaintiffs'

15   contention that the earlier 2007 sale to the trust was botched and thus void (*see id.*, ¶

16   18), Plaintiffs allege that their loan was not among the IndyMac assets OneWest

17   acquired as part of the FDIC sale because the loan was sold in  December 2007 to the

18   mortgage-backed securities trust.  (*Id.* ¶ 19.)

19          The Complaint next asserts that on March 16, 2012, MERS, as nominee for

20   IndyMac Bank F.S.B. assigned Plaintiffs' deed of trust to OneWest.  (*Compl.*, ¶ 20.)

21   This assignment was recorded on March 22, 2012.  (*Id.*)  Also on March 22, 2012,

22   OneWest executed a substitution of trustee, which substituted Meridian Foreclosure

23   Service for Commonwealth Land Title Insurance Company as Trustee of Plaintiffs' deed

24   of trust.  (*Id.*, ¶ 21.)  This substitution was recorded on April 4, 2012.  (*Id.*)  Plaintiffs

25   allege that this substitution was "fraudulent and void because [OneWest] was an

26

27          [1] Plaintiffs repeat and clarify this argument in their opposition brief.  (*Opp'n* [Doc. 6],

28   5:18-6:22 ("However, the securitization, in fact, failed.").)

1  invalid beneficiary without the power to [s]ubstitute the trustee[,]" presumably because
2  of the December 2007 sale that Plaintiffs previously alleged was void.  (*Id.* (citing Cal.
3  Civ. Code § [2934a (a)(1)]).)

4        On March 30, 2012, Meridian issued a notice of default and election to sell under
5  deed of trust.  (*Compl.*, ¶ 22.)  The notice was recorded on April 4, 2012.  (*Id.*)
6  Meridian later sold Plaintiffs' property to OWB REB LLC.  (*Id.* ¶ 24.)  Plaintiffs–now
7  relying on the validity of the December 2007 sale–allege that because Deutsche Bank
8  National Trust Company held the beneficial interest in Plaintiffs' loan, OneWest was
9  not a valid beneficiary, Meridian was not an authorized agent of a valid beneficiary, and
10 therefore the Notice of Default was void.  (*Id.*)

11       On October 21, 2013, Plaintiffs filed this action in United States District Court,
12 Southern District of California.  They allege a violation of the FDCPA, as well as six
13 pendent state-law claims.  Plaintiffs' FDCPA claim is the only stated basis for this
14 Court's subject-matter jurisdiction.  (*Compl.*, ¶ 7.)

15       On November 21, 2013, Defendants moved to dismiss for failure to state a claim.
16 Plaintiffs oppose.

17

18 **II.   LEGAL STANDARD**

19       The court must dismiss a cause of action for failure to state a claim upon which
20 relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule
21 12(b)(6) tests the legal sufficiency of the complaint.  <u>Navarro v. Block</u>, 250 F.3d 729,
22 732 (9th Cir. 2001).  The court must accept all allegations of material fact as true and
23 construe them in light most favorable to the nonmoving party.  <u>Cedars-Sanai Med. Ctr.</u>
24 <u>v. Nat'l League of Postmasters of U.S.</u>, 497 F.3d 972, 975 (9th Cir. 2007).  Material
25 allegations, even if doubtful in fact, are assumed to be true.  <u>Bell Atl. Corp. v. Twombly</u>,
26 550 U.S. 544, 555 (2007).  However, the court need not "necessarily assume the truth
27 of legal conclusions merely because they are cast in the form of factual allegations."
28 <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal

quotation marks omitted). In fact, the court does not need to accept any legal conclusions as true. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (internal citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

## III.  DISCUSSION

Plaintiffs allege that OneWest and Meridian violated the FDCPA by collecting mortgage payments to which they were not entitled. Plaintiffs' theory appears to be premised on the 2007 sale of their mortgage to the securities trust. (*Compl.*, ¶ 12.) As a result of that sale, Plaintiffs contend that Deutsche Bank National Trust Company, as trustee of the trust, owns the beneficial interest on their loan, and therefore OneWest and Meridian did not have the authority to collect payments or foreclose on Plaintiffs' property. (*Id.* ¶¶ 21–25.)

However, the Complaint also alleges that the securitization of their loan was "botched." (*Compl.*, 2:28.) Plaintiffs contend that the 2007 transaction was "made

without the required intervening assignment of Plaintiffs' Deed of Trust and endorsement of the Note" and, therefore, was not a "'true sale[]' within the meaning of the Tax Code and Pooling and Servicing Agreement." (*Id.* ¶¶ 16-17.) The Complaint then quotes a section of the law they allege governs the mortgage-backed securities trust in question that provides, "[i]f the trust is expressed in an instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust... is void." (*Id.* ¶ 18 (quoting N.Y. Est. Powers & Trusts Law § 7-2.4.).)

Plaintiffs' opposition confirms their contention that the 2007 transaction was void. There, Plaintiffs state that "the securitization, in fact, failed." (*Opp'n* [Doc. 6] 5:18; 6:2 ("the 2007 securitization failed.").) The next paragraph of their opposition then again makes clear that Plaintiffs allege the securitization was void. (*Id.* 6:3-5 ("only one California court has considered the standing of the trustee of an MBS Trust to enforce the terms of mortgage executed in California where violations of New York trust law render[] the securitization of a particular loan void.").)

Accepting as true Plaintiffs' allegation that the 2007 securitization of their loan failed and was void, the only reasonable inference is that Deutsche Bank National Trust Company, as trustee of the mortgage-backed securities trust, did not acquire the beneficial interest in Plaintiffs' loan. Instead, IndyMack Bank F.S.B. retained that interest, which was therefore among the assets the FDIC sold to OneWest on March 19, 2009. (*Compl.*, ¶ 19.) Accordingly, OneWest and Meridian did not lack authority to collect mortgage payments, to issue the notice of default or foreclose on the Property.

Although true that Plaintiffs are entitled to plead mutually exclusive alternative theories of their case, <u>PAE Gov't Servs., Inc. v. MPRI, Inc.</u>, 514 F.3d 856, 859 (9th Cir. 2007), they have not done so here. Instead, Plaintiffs' Complaint pleads contradictory facts that fail to provide fair notice to Defendants regarding the basis of the FDCPA claim. The inconsistency of Plaintiffs' allegations that the securitization is void and that the same securitization is valid and divests OneWest and Meridian of authority to

collect mortgage payments, keeps Plaintiffs' FDCPA claim from meeting Rule 8's requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief" rising above a speculative level. Fed. R. Civ. P. 8(a)(2); <u>Twombly</u>, 550 U.S. at 555. Accordingly, the Court finds Plaintiffs have failed to state an FDCPA claim.[2]

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS** Defendants' motion to dismiss and **DISMISSES WITH LEAVE TO AMEND** Plaintiffs' Complaint. Any amended complaint must be filed on or before <u>**May 20, 2014**</u>.

**IT IS SO ORDERED.**

**DATED:  May 6, 2014**

_____
**Hon. Thomas J. Whelan
United States District Judge**

---

[2] Because there is no other basis for subject-matter jurisdiction, the Court declines to decide the remaining state-law claims. To the extent Plaintiffs plead a valid FDCPA claim in an amended complaint, Defendants may reassert their challenge the state-based claims.

However, Defendants should refrain from using what appears to be a boilerplate motion to respond to the amended complaint. In general, Defendants' motion to dismiss the Complaint did little more than set forth the applicable law, while providing little or no analysis regarding how the law relates to the allegations in the Complaint. For example, Defendants' three-sentence FDCPA argument failed to explain how, based on the Complaint's factual allegations, One West was not a "debt collector." Defendants' fraud argument set forth general legal standards related to pleading a fraud claim, and then simply concludes with the statement that Plaintiffs "have not identified who was authorized to speak on behalf of each defendant or to whom the information was communicated." (P&A [Doc. 5-1], 5:7–9.) Plaintiffs' fraud claim, however, does not even appear to be based on verbal communications. (*See Compl.*, ¶¶ 45–48.) In short, Defendants' motion must do more than simply raise legal issues.